UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JULIO NEHOMAR ROSA,

    Plaintiff,

v.                                      Case No. 5:24-cv-1-TKW/MJF

FLORIDA DEPARTMENT OF
CORRECTIONS and INTERNAL
REVENUE SERVICES,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Julio Nehomar Rosa, FDC # Y32426, has filed a verified complaint under 42 U.S.C. § 1983. Doc. 1. The District Court should dismiss this action because Rosa has incurred at least three strikes, is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*, and he failed to pay the filing fee upon commencing this action.

### I. BACKGROUND

On December 29, 2023, Rosa, an inmate of the Florida Department of Corrections ("FDC"), commenced this civil action against the FDC and the "Internal Revenue Services." Doc. 1 at 1–3. Rosa asserts that the FDC and "Internal Revenue Services" violated the First, Fifth, Sixth, Seventh,

Eighth, and Fourteenth Amendments when Rosa did not receive three "stimulus" checks from the "Internal Revenue Services." *Id.* at 5, 7.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* if the prisoner previously filed three or more actions—including appeals—that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2020). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).

Rosa has incurred *at least* three strikes under section 1915(g):

- *Rosa v. Kinney*, No. 20-14401 (11th Cir. Aug. 19, 2021) (dismissing Rosa's appeal because it was frivolous);

- *Rosa v. Steele*, No. 2:23-cv-451-SPC-NPM (M.D. Fla. Sept. 21, 2023) (dismissing Rosa's complaint as malicious, frivolous, and for failure to state a claim); and

- *Rosa v. Steele*, No. 2:23-cv-213-JLB-KCD (M.D. Fla. Nov. 13, 2023) (dismissing Rosa's complaint as frivolous and for failure to state a claim).

Indeed, Rosa readily acknowledges that he has incurred these three strikes. Doc. 1 at 9–11.

Because he has incurred at least three strikes, Rosa may not litigate this case *in forma pauperis* unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). To fall within this exception, Rosa's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke section 1915(g)'s exception. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Rosa's allegation that he did not receive three "stimulus" payments is not an allegation that he is under imminent danger of serious physical injury. Therefore, this action should be dismissed under section 1915(g).[1]

---

[1] Over a two-week period in December 2023, Plaintiff has filed four civil lawsuits, including the instant case, in the United States District Court for the Northern District of Florida. Despite having incurred at least three strikes, Plaintiff failed to pay the filing fee when he commenced each of these civil actions. *Rosa v. Fla. Dep't of Corr.*, No. 5:23-cv-322-MCR-MJF (N.D. Fla. Dec. 15, 2023) (report and recommendation pending); *Rosa v. Fla. Dep't of Corr.*, No. 5:23-cv-323-TKW-MJF (N.D.

### III.  Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **DISMISS** this action without prejudice to Rosa initiating a new case accompanied by payment of the $402.00 fee.

2.  **DIRECT** the clerk of the court to close this case file.

At Pensacola, Florida, this 4th day of January, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to**

---

Fla. Dec. 17, 2023) (report and recommendation pending); *Rosa v. Fla. Dep't of Corr.*, No. 5:24-cv-1-TKW-MJF (N.D. Fla. Dec. 29, 2024); *Rosa v. Fla. Dep't of Corr.*, No. 5:24-cv-2-TKW-MJF (N.D. Fla. December 27, 2024).

**challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**